UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeff Daly, et al.,

    Plaintiffs,

v.

Jim Neil, et al.,

    Defendants.

Case No. 1:18cv346

Judge Michael R. Barrett

## OPINION AND ORDER

This matter remains before the Court on the Motions to Dismiss filed by Defendant Charmaine McGuffey,[1] the Sheriff of Hamilton County, Ohio ("Hamilton County"), Defendant Joseph Deters, the Prosecutor for Hamilton County, and Defendant Lieutenant Matt Hamilton, the Commander for the Ohio State Highway Patrol's Post in Hamilton County. (Docs. 19, 21).

### I. BACKGROUND

Ohio residents can apply for a concealed handgun license ("CHL"). Ohio Rev. Code § 2923.125. To apply for a CHL, an Ohio resident must submit all of the following items to the appropriate sheriff's office: a completed application form; a non-refundable $67.00 license fee;[2] a color photograph of the applicant; a certificate showing

---

[1] Charmaine McGuffey succeeded Jim Neil as the Sheriff of Hamilton County after the parties completed the requested supplemental briefing regarding the pending Motions to Dismiss. *See* Fed. R. Civ. P. 25(d).

[2] Each county in Ohio must establish a sheriff's CHL issuance expense fund in which each sheriff must deposit all fees paid by applicants for the issuance or renewal of a CHL. Ohio Rev. Code § 311.42(A). "The county shall distribute all fees deposited into the fund except forty dollars of each fee paid by an applicant under division (B) of section 2923.125 of the Revised Code, . . . to the attorney general to be used to pay the cost of background checks . . . and to cover administrative costs associated with issuing the license." *Id.* Each sheriff, with the approval of their respective board of county commissioners, may expend any county portion of the CHL fees deposited for any of the following: costs incurred by the sheriff in connection

that the applicant has completed an approved firearms safety and training course; a certification that the applicant read the pamphlet prepared by the Ohio peace officer training commission; and a set of fingerprints. *Id.* § 2923.125(B)(1)-(5). Ohio waives the CHL fee if the applicant is an active or reserve member of the armed forces of the United States; is retired or was honorably discharged from military service in the active or reserve armed forces of the United States; or is a retired peace officer. *Id.* § 2923.125(B)(1)(c).[3]

Plaintiff Jarvis lives in Hamilton County, owns more than one firearm, and is not disqualified from possessing firearms under 18 U.S.C. § 922(g) or Ohio Revised Code § 2923.13. (Doc. 3 ¶¶ 10, 12, 35). He is indigent, disabled, and uses a wheelchair. (*Id.* ¶ 11). He alleges that robberies and other acts of violence have taken place in his neighborhood and, more than once, criminals have thrown him from his wheelchair and assaulted him. *Id.* On May 16, 2018, Plaintiff Jarvis attempted to apply for a CHL at one of the Hamilton County Sherriff's offices, but he refused to pay the license fee. (*Id.* ¶ 27). The Sherriff's representative informed Plaintiff Jarvis that the license fee could not be waived unless he was an active or retired law enforcement officer. *Id.* Plaintiff Jarvis is not an active or retired law enforcement officer, did not pay the fee, and did not receive a CHL. *See id.* Plaintiff Jarvis alleges that he would obtain a CHL but for the license fee found in Ohio Revised Code § 2923.125(B)(1). (*Id.* ¶ 13).

The Hamilton County Sherriff is statutorily charged with, among other duties,

---

with performing any administrative functions related to the issuance of CHLs; ammunition and firearms to be used by the sheriff and the sheriff's employees; or any costs incurred in constructing, maintaining, or renovating a shooting range to be used by the sheriff or the sheriff's employees. *Id.* § 311.42(B).

[3] Ohio also waives the CHL fee if the applicant is a retired natural resources law enforcement staff officer; a retired forest-fire investigator; a retired wildlife officer; a retired natural resources officer of the department of natural resources; or a retired federal law enforcement officer who, prior to retirement, was authorized to carry a firearm in the course of duty, unless the retired peace officer, person, or federal law enforcement officer retired as the result of a mental disability. *Id.*

processing CHL applications and enforcing Ohio laws. (*Id.* ¶¶ 17-18). The Hamilton County Prosecutor, among other responsibilities, prosecutes crimes committed in and charged by law enforcement officers in Hamilton County. (*Id.* ¶¶ 21-22). The Hamilton County post of the Ohio State Highway Patrol, among other obligations, enforces Ohio laws. (*Id.* ¶¶ 19-20).[4]

Plaintiff Jarvis' remaining claims,[5] brought against Defendants in their official capacities and pursuant to 42 U.S.C. § 1983, are that Ohio Revised Code § 2923.125(B)(1) violates his Second and Fourteenth Amendment rights, facially and as applied. (*Id.* ¶¶ 40-55). He argues that Section 2923.125(B)(1)'s imposition of a license fee is not narrowly tailored to meet a compelling state interest or, alternatively, does not further a significant, substantial, or important objective, and there is not a reasonable fit between Section 2923.125(B)(1) and the asserted objective for that Section, and that Ohio may not impose a charge for the enjoyment of one's Second Amendment rights. (*Id.* ¶¶ 45-46). He also argues that Ohio's waiver of Section § 2923.125(B)(1)'s license fee for certain groups, but not indigent persons like himself, violates the Fourteenth Amendment's Equal Protection and Due Process Clauses. (*Id.* ¶ 52). He seeks declaratory and injunctive relief. (*Id.* ¶¶ 56-57); (*Id.* n.1 PageID 33).

The Court requested that the parties brief the issue of Plaintiff Jarvis' standing to challenge Ohio Revised Code § 2923.125(B)(1)(a)'s imposition of a license fee before it

---

[4] Plaintiff Jarvis did not name the Ohio Attorney General as a party, but served him pursuant to Federal Rule of Civil Procedure 5.1's requirement that a party filing a pleading that questions the constitutionality of a state statute must serve notice on the state attorney general. (*Id.* ¶ 23); *see* FED. R. CIV. P. 5.1(a)(2).

[5] In a prior Opinion and Order, the Court held that Plaintiff Jeff Daly and Plaintiff Jarvis lack standing and may not bring a pre-enforcement challenge with respect to their claims regarding the constitutionality of Ohio Revised Code § 2923.16(A), (B), and (C) consistent with Article III and dismissed those claims. (Doc. 29). The Court also dismissed Plaintiff Daly's constitutional claims regarding Ohio Revised Code § 2923.125(B)(1) as moot. *Id.* Plaintiff Daly has no remaining claims in this matter.

ruled on the Motions to Dismiss. (Doc. 29). Plaintiff Jarvis responds that he has standing because he pleaded that he is indigent, would obtain a CHL but for the license fee found in Section 2923.125(B)(1), and the Sherriff's office enforced the law against him in May 2018. (Doc. 30). In an attached declaration, he adds that he is "unable to pay for the fee for the concealed carry license" and "unable to pay for the fee for the class for the concealed carry license." (Doc. 30-1).

Defendant Hamilton responds that Plaintiff Jarvis lacks standing, as Plaintiff does not allege an injury from Hamilton. (Doc. 31). Defendant Hamilton contends that Plaintiff does not allege that the Ohio State Highway Patrol has any involvement in the enforcement of Section 2923.125(B)(1). *Id.* Defendants McGuffey and Deters respond that Plaintiff Jarvis lacks standing, as Plaintiff does not have a concrete and particularized injury. (Doc. 32). They assert that, although Plaintiff alleges that he is indigent, he does not refute their observations that he has the financial wherewithal to own multiple firearms, and presumably ammunition for those firearms, and pay the filing fee in this matter, and admits that he has not complied with Section 2923.125(B)(3). *Id.* Although the Court permitted Plaintiff to file a reply, he did not file one. *See* (Doc. 29).

## II. <u>ANALYSIS</u>

"Standing stems from the Constitution's mandate that federal courts may decide only 'Cases' or 'Controversies.'" *Vonderhaar v. Vill. of Evendale, Ohio*, 906 F.3d 397, 400-01 (6th Cir. 2018) (citing U.S. CONST. art. III, § 2, cl. 1). Article III standing requires a plaintiff to establish three things: a concrete and particularized injury, actual or imminent ("injury-in-fact"), traceable to the defendant ("causation"), and proof that a favorable outcome would redress the harm ("redressability"). *Id.* (citing *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 560 (1992)).

The Court must determine whether Plaintiff Jarvis has standing to challenge Section 2923.125(B)(1) before it can address the merits of his constitutional claims. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993); *accord Moir v. Greater Cleveland Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("The Court will consider the 12(b)(1) motion first, as the 12(b)(6) challenge becomes moot if subject matter jurisdiction is lacking.")). In doing so, the Court can consider matters outside the pleadings. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (explaining that, in a challenge to the factual existence of subject matter jurisdiction, the Court "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings.").

Plaintiff Jarvis does not allege that Defendants Hamilton and Deters, or anyone acting under their authority, play a role in the enforcement of Section 2923.125(B)(1). (Doc. 3 ¶¶ 17-22); (Doc. 30). He alleges that the Hamilton County Sherriff, and those acting under the Sherriff's authority, are charged with processing CHL applications, including the imposition of the license fee, and enforce Section 2923.125(B)(1) by requiring that the license fee be paid before accepting CHL applications. (Doc. 3 ¶¶ 17-18); (Doc. 30); *accord* (Doc. 24 PageID 113) (Plaintiffs' Response in Opposition to Defendant Hamilton's Motion to Dismiss) ("Lt. Hamilton argues, and we agree, that he has no enforcement authority over the concealed carry fee issue. It is the Sheriff who mandates the fee for the license under the statute."). Plaintiff Jarvis' claims regarding Section 2923.125(B)(1) derive from allegations about Defendant McGuffey's actions only.

5

*See, e.g.*, (Doc. 3 ¶¶ 17-18, 27). Accordingly, Plaintiff Jarvis lacks standing to bring his claims regarding Section 2923.125(B)(1) against Defendants Hamilton and Deters, as Plaintiff does not allege any injury that is fairly traceable to those Defendants' conduct. *See Lujan*, 504 U.S. at 560; *Vonderhaar*, 906 F.3d at 401.

Plaintiff Jarvis' Amended Complaint alleges that he is indigent; he attempted to apply for a CHL without paying the license fee, but the Sherriff's representative did not waive the fee; and he would obtain a CHL but for the requirement of the license fee. (Doc. 3 ¶¶ 11-13, 27). In his declaration attached to his supplemental brief, he states that he is "unable to pay for the fee for the concealed carry license" and "unable to pay for the fee for the class for the concealed carry license." (Doc. 30-1). The Amended Complaint, however, does not mention or challenge Ohio Revised Code § 2923.125(B)(3)'s requirement that an Ohio resident applying for a CHL submit a certificate showing that he has completed an approved firearms safety and training course. *See* (Doc. 3). So, even assuming without deciding that Section 2923.125(B)(1)'s license fee requirement is unconstitutional,[6] Plaintiff Jarvis concedes that he still would not be able to obtain a CHL, as he has not completed an approved firearms safety and training course, and he does not challenge Section 2923.125(B)(3). The Court thus finds that Plaintiff Jarvis does not have a sufficiently particularized injury, lacks standing, and may not challenge Ohio Revised Code § 2923.125(B)(1) consistent with Article III against Defendant McGuffey. *See Lujan*, 504 U.S. at 560; *Vonderhaar*, 906 F.3d at 401.

---

[6] And, to be clear, the Court does not reach that question.

6

### III. **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motions to Dismiss (Docs. 19, 21) are **GRANTED**. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**  _/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court